# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC O. RIVERA,

                    Petitioner,

v.                                              Case No. 12-CV-140-JPS

WILLIAM POLLARD,

                    Respondent.                            **ORDER**

        The petitioner, Eric Rivera, initially filed this petition for a writ of habeas corpus on February 9, 2012. (Docket #1). Magistrate Judge Aaron E. Goodstein screened the petition and determined that it satisfied the "low threshold necessary to proceed to the next step." (Order on Petition 2). Accordingly, Judge Goodstein ordered that the respondent be served and directed that the respondent answer the petition or file a motion to dismiss within sixty days of the entry of the screening order. (Docket #8). After accepting service, the respondent refused to consent to jurisdiction by a magistrate judge, and thus the matter was randomly reassigned to this Court. (Docket #11).

        Thereafter, on May 14, 2012, the respondent filed a motion to dismiss Mr. Rivera's petition as being untimely filed. (Docket #12). This Court subsequently entered an order denying Mr. Rivera's prior-filed motion for the appointment of counsel and also informing Mr. Rivera that he would be required to file an opposition brief. (Docket #14). Mr. Rivera filed that opposition brief on June 21, 2012, and informed the Court that he would file

supporting exhibits within one week.[1] More than three weeks have now passed without Mr. Rivera having filed an such exhibits,[2] and also without the respondent having filed a reply brief. Therefore, the Court deems the parties to have waived their ability to file any further materials on the matter, and it will decide the case on the record as it stands.

1.   **FACTUAL BACKGROUND**

Mr. Rivera pled guilty and was convicted of first-degree reckless homicide and first-degree recklessly endangering safety, both of which were by use of a dangerous weapon and as a party to the crime. (Resp. Br. in Supp., Ex. A). Those convictions were entered against him on April 9, 1998, and May 7, 1998, by the circuit court, which subsequently sentenced him to forty-five years imprisonment (on the homicide charge) and nine years imprisonment (on the reckless endangerment charge). (Resp. Br. in Supp., Ex. A). Those imprisonment terms were to be served concurrently. (Resp. Br. in Supp., Ex. A).

---

[1]At the same time, Mr. Rivera filed a request for a certificate of appealability. (Docket #16). The issuance of such certificate would be inappropriate at this time and, therefore, the Court will deny Mr. Rivera's request. Mr. Rivera argues that a certificate of appealability is appropriate under 28 U.S.C. § 2253(c), and sets forth several arguments as to why his constitutional rights have been violated. However, that statute deals with appeals from final orders—of which there were none at the time of Mr. Rivera's request. Thus, the Court is obliged to deny Mr. Rivera's request for a certificate of appealability. (Docket #16). That denial does not, however, prevent Mr. Rivera from seeking a certificate of appealability *from this order*, which is final and thus may be appropriately appealable under 28 U.S.C. § 2253(c).

[2]Mr. Rivera recently filed a request for an order of the Court to allow him to use money in his release account to pay for the delivery of the supporting exhibits. The Court concludes that such documents are ultimately unnecessary to its decision in this case and, therefore, will not enter such an order.

After his conviction, Mr. Rivera proceeded with a direct appeal in Wisconsin's state court system, under the no-merit procedure. (Resp. Br. in Supp., Ex. B); Wis. Stat. § 809.32 (setting forth Wisconsin's no-merit procedure). In keeping with that procedure, Mr. Rivera's appellate counsel filed a no-merit report with the Wisconsin Court of Appeals, to which Mr. Rivera responded. (Resp. Br. in Supp., Ex. B). The court of appeals subsequently summarily affirmed Mr. Rivera's convictions, on March 13, 2001, finding that he presented no arguably meritorious issues on appeal. (Resp. Br. in Supp., Ex. B). Mr. Rivera did not request review of that decision by the Wisconsin Supreme Court.

Several years later, on November 19, 2007, Mr. Rivera filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals, and voluntarily dismissed the petition a month later, on December 14, 2007.[3] *See* Docket Entries for *Eric O. Rivera v. Circuit Court for Milwaukee County*, Case No. 2007AP2649-W (available at http://wscca.wicourts.gov/index.xsl (last checked July 12, 2012)).

On April 23, 2008, Mr. Rivera filed an additional habeas petition in the Wisconsin Court of Appeals. (Resp. Br. in Supp., Ex. C). In that petition, he alleged that his appellate counsel was ineffective due to his filing of the no-merit report instead of raising issues on direct appeal. (Resp. Br. in Supp., Ex. D). The Milwaukee County Circuit Court held an evidentiary hearing on the

---

[3]The respondent disclosed no other filings by Mr. Rivera in that interim period, and the Court could find no others in its search of the state's public records. To be sure, Mr. Rivera, himself, has not disclosed to the Court any further actions he took during the six year period from the Wisconsin Court of Appeals March 13, 2001, affirmance of his conviction and his habeas petition filed on November 19, 2007.

matter, at which it seems that new evidence in the case was disclosed. (Pet'r Br. in Opp. 3–5). The court of appeals then denied the petition on April 25, 2011. (Resp. Br. in Supp., Ex. D). The Wisconsin Supreme Court denied Mr. Rivera's subsequent request for review on September 1, 2011. (Resp. Br. in Supp., Ex. E).

Thus, Mr. Rivera filed his petition for a writ of habeas corpus in this Court on February 9, 2012. The respondents moved to dismiss the matter, and the Court now deems that motion to be fully briefed.

## 2.  DISCUSSION

In deciding this motion to dismiss, the Court will first look to whether Mr. Rivera's petition complies with 28 U.S.C.§ 2244(d)(1)'s statute of limitations. If the Court concludes that any part of his claims fall within the limitation period, it will then determine whether those claims present appropriate grounds for habeas relief.

### 2.1  Timeliness

The respondent argues that the Court must dismiss Mr. Rivera's petition as noncompliant with the one year statute of limitations imposed upon habeas petitions by 28 U.S.C. § 2244(d)(1). Under that statute, the one year limitations period can run from any of the following for dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A-D). Thus, the Court will analyze whether Mr. Rivera's situation arises under any of those dates, such that his petition would be timely as brought within the one year limitations period.

### 2.1.1 Following Direct Review

The period for Mr. Rivera's direct review ended thirty days after the Wisconsin Court of Appeals' decision on his no-merit appeal, because Mr. Rivera did not seek review by the Wisconsin Supreme Court. Wis. Stat. §§ 808.10, 809.62(1m)(a); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653–54 (2012). Thus, the one year limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run on April 12, 2001.

The one year limitation period to file a habeas petition after the conclusion of the direct review period thus expired on April 12, 2002. Mr. Rivera's current petition is, therefore, untimely under that provision.

### 2.1.2 Following Removal of Impediment to Filing

Mr. Rivera does not assert that his filing is timely as a result of the removal of any impediment to filing created by a state action. (Pet'r Br. in Opp. 1-7). Additionally, after engaging in its own investigation of the public records pertaining to Mr. Rivera, the Court is unaware of the removal of any

impediment that would have reset the limitations period, such that Mr. Rivera's petition would now be timely.

As such, the Court determines that his petition is untimely under 28 U.S.C. § 2244(d)(1)(B).

### 2.1.3 Following Supreme Court's New Recognition of Constitutional Right

Similarly, Mr. Rivera does not assert that the Supreme Court of the United States has newly recognized any constitutional right upon which he bases his petition. Neither is the Court aware of any recently-recognized rights that Mr. Rivera could argue support the timeliness of his petition.

Therefore, the Court determines that his petition is untimely under 28 U.S.C. § 2244(d)(1)(C).

### 2.1.4 Following Discoverability of Factual Predicate

The only arguably-applicable basis for finding Mr. Rivera's petition to be timely is that it was filed within one year of the date on which the factual predicate of his claim became discoverable. 28 U.S.C. § 2244(d)(1)(D).

Mr. Rivera bases his habeas petition on four separate grounds: one dealing with ineffective assistance of counsel and the remaining three regarding arguably erroneous factual findings in state court proceedings. (Petition 6-9). The Court will address those two groups of claims separately.

#### 2.1.4.1 Ineffective Assistance of Counsel

The first of Mr. Rivera's claims is the allegedly ineffective assistance of counsel afforded to Mr. Rivera at trial and on direct appeal. (Petition 6-7). Mr. Rivera alleges that his counsel in those proceedings failed to provide him with discovery, to review the discovery, or to make proper investigations into the statements of witnesses. (Petition 6-7). And this claim would be

Page 6 of 10

Case 2:12-cv-00140-JPS   Filed 07/27/12   Page 6 of 10   Document 20

timely if made within one year of the discoverability of the additional facts and witnesses that Mr. Rivera argues were not disclosed to him prior to trial.

Unfortunately for Mr. Rivera, those facts became discoverable on September 30, 2009, when they were incorporated into the record at the post-conviction hearing motion. (Pet'r. Br. in Opp. 3).[4] Thus, under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period closed on September 30, 2010.

The Court could choose to equitably toll that period if it determined that "extraordinary circumstances outside of the petitioner's control prevent[ed] timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572 (7th Cir. 2007) (citing *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)). However, in this case there were no extraordinary circumstances that would justify equitable tolling. The relevant factual predicate became clear on September 30, 2009, and the court of appeals did not issue its decision until April 25, 2011—a delay that, perhaps, made Mr. Rivera wary of filing a habeas petition in the federal courts, as he waited to see the outcome of his state habeas petition. But that delay is by no means extraordinary. And it also did not prevent Mr. Rivera from filing his petition. In reality, despite the pendency of his state habeas petition, Mr. Rivera could have (*and should have*) filed a federal habeas petition on the basis of ineffective assistance of counsel. His failure to do so has resulted in his failure to comply with the statute of limitations.

---

[4] Mr. Rivera has informed the Court that this hearing and the relevant factual disclosures took place on September 30, 2009. (Pet'r. Br. in Opp. 3). However, as noted above, Mr. Rivera has failed to disclose the relevant exhibits to the Court. Without Mr. Rivera's having submitted an appropriate record, the Court takes Mr. Rivera at his word that the relevant disclosures took place on September 30, 2009.

Accordingly, under 28 U.S.C. § 2244(d)(1)(D), Mr. Rivera's ineffective assistance of counsel claim falls outside of the one year limitations period. And, having failed to satisfy any of the other provisions in 28 U.S.C. §§ 2244(d)(1)(A-C), Mr. Rivera's ineffective assistance of counsel claim must be dismissed.

### 2.1.4.2 Erroneous Factual Findings

Mr. Rivera's remaining three claims all allege error in the Milwaukee County Circuit Court's and Wisconsin Court of Appeal's factual findings, upon which the court of appeals' April 25, 2011 denial of habeas relief was based. (Petition 7-9, Pet'r. Br. in Opp. 3-7). Mr. Rivera requested that the Wisconsin Supreme Court review that matter, which it declined to do on September 1, 2011. (Resp. Br. in Opp., Exs. C, D; Pet'r. Br. in Opp. 3-7). Thus, it was on September 1, 2011, that the factual predicate upon which Mr. Rivera bases his claim—erroneous factual findings by the Milwaukee County Circuit Court and Wisconsin Court of Appeals—became discoverable.

As such, Mr. Rivera complied with the statute of limitations, by filing this petition on February 9, 2012, within one year of the discoverability of the factual predicate upon which he bases his claim.

### 2.2 Appropriateness of Habeas Relief

Having determined that Mr. Rivera's ineffective assistance of counsel claim is untimely, the Court need not determine whether that claim is a cognizable ground for habeas relief.

However, as the Court determined that Mr. Rivera's erroneous factual findings claims are timely, the Court must examine whether those claims present a basis upon which habeas relief can be granted.

Page 8 of 10

Case 2:12-cv-00140-JPS   Filed 07/27/12   Page 8 of 10   Document 20

The Court concludes that they do not. This Court, in reviewing habeas petitions, is constrained to determining whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Rivera's claims that the circuit and appeals court in his state habeas proceedings made erroneous findings of fact are not cognizable claims under the Constitution, laws, or treaties of the United States. There is no federal Constitutional right or law that guarantees state collateral review of criminal convictions. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (1996) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Furthermore, errors in such proceedings "cannot form the basis for federal habeas corpus relief. *Montgomery*, 90 F.3d at 1206 (citing, *McCowin v. Scott,* 67 F.3d 100, 102 (5th Cir.1995); *Jolly v. Gammon,* 28 F.3d 51, 54 (8th Cir.1994), *cert. denied,* 513 U.S. 983, 115 S.Ct. 462, 130 L.Ed.2d 370 (1994); *Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir.1993); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (per curiam), *cert. denied,* 493 U.S. 1012, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989); *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir.1987); *Kirby v. Dutton,* 794 F.2d 245, 247-48 (6th Cir.1986)). Thus, the Court is obliged to conclude that any alleged errors that occurred at Mr. Rivera's state habeas proceedings do not provide a ground upon which he should be permitted to proceed in the federal habeas proceeding.

3. **CONCLUSION**

For the reasons above, having found that Mr. Rivera's claims are all either untimely or do not present grounds upon which habeas relief could be granted, the Court is obliged to dismiss Mr. Rivera's petition with prejudice.

Accordingly,

**IT IS ORDERED** that the respondent's motion to dismiss (Docket #12) be and the same is hereby **GRANTED**, and the petition for a writ of habeas corpus be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge